UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SUBPOENA FOR RULE 2004 EXAMINATION**

In re:
**HUSSAIN, MUNAWAR S**                           Case No. 09-42601
**HUSSAIN, FATIMA S**

              Debtors.

**To:**
**HUSSAIN, MUNAWAR S and FATIMA S**       GUY T. CONTI
**8017 LABANA COURT**                     302 N. HURON STREET
**CANTON, MI 48187**                      YPSILANTI, MI 48197

 X  **YOU ARE COMMANDED** to appear pursuant to a court issue under Rule 2004, Fed. R. Bankr. P., at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE: Dakmak Peurach, P.C.<br>615 Griswold, Ste. 600.<br>Detroit, MI 48226 | DATE & TIME:<br>**April 17, 2009 at 2:00 p.m.** |
|---|---|

 X  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

1. Membership Agreement to (A) A2Z Services, LLC and (B) A2Z Precise Medical Billing, LLC;

2. 2008 balance sheet and profit and loss statement for both LLCs;

3. Bank statements (checking and savings) with check register from January, 2008 through January, 2009 for both LLCs in Schedule B Paragraph 13 and any personal bank accounts; and

4. Tax returns for 2007 and 2008 for both LLCs listed in Paragraph 13, Schedule B.

| PLACE: Dakmak Peurach, P.C.<br>615 Griswold, Ste. 600.<br>Detroit, MI 48226 | DATE & TIME:<br>Same as above |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE:<br><br>/s/George P. Dakmak, Trustee | DATE:<br><br>**March 24, 2009** |
|---|---|

**ISSUING OFFICER'S NAME, ADDRESS & PHONE NUMBER**

George P. Dakmak, 615 Griswold, Ste. 600  Detroit, MI 48226 (313) 964-0800,  e-mail: gpd.trustee@gdakmak.com

## PROOF OF SERVICE

| SERVED | DATE: March 24, 2009 | PLACE: 8017 LABANA COURT, CANTON, MI 48187 |
| --- | --- | --- |
| | | 302 N. HURON STREET, YPSILANTI, MI 48197 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE: |
| --- | --- |
| HUSSAIN, MUNAWAR S, HUSSAIN, FATIMA S., GUY T. CONTI | FIRST CLASS MAIL |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |
| Karen Ann Cartrette | Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on March 24, 2009

/s/ Karen Ann Cartrette
Karen Ann Cartrette
615 Griswold, Ste. 600.
Detroit, MI 48226

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commended to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) Requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information, or

(ii) requires disclosure of an unretained experts opinion or information not describing specific events or occurrences in dispute and resulting from the experts study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or , if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that he person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(d) DUTES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce then as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.